**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

CASE NO.: 9:19-cv-80368-DMM

RONNETTE HAYES,

     Plaintiff,

v.

COCO DULCE, INC.,
a Florida corporation, and
EMILIO PEREZ, individually,

     Defendants.
_____/

**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE**

Defendants, COCO DULCE, INC., and EMILIO PEREZ, individually ("Defendants"), by and through undersigned counsel, and pursuant to *Fed. R. Civ. P. 12,* hereby file their Motion to Dismiss Plaintiff's Amended Complaint with Prejudice, as follows:

**I.**    **FACTS**

On May 16, 2019, Plaintiff, RONNETTE HAYES ("Plaintiff") filed her Amended Complaint against Defendants, COCO DULCE, INC., and EMILIO PEREZ (collectively referred to hereinafter as "Defendants").[1] *D.E. 23.* Plaintiff's Amended Complaint asserts three (3) counts against Defendants: (i) Violation of the Fair Labor Standards Act ("FLSA"); (ii) Violation of the Florida Minimum Wage Act ("FMWA"); and (iii) Willful Filing of Fraudulent Information Returns. *Id.* Notwithstanding Plaintiff's opportunity to amend the allegations within her initial Complaint, she has *still* failed to sufficiently allege any claim under federal law. Plaintiff's Amended Complaint fails to allege that at least two (2) of Defendant's employees handled specific goods and/or materials that have traveled in interstate commerce during the relevant time period

---

[1] Plaintiff filed her initial Complaint against Defendants, COCO DULE, INC., and EMILIO PEREZ (collectively referred to as "Defendants") on March 15, 2019. *D.E. 1.*

and therefore fails to establish enterprise coverage as a matter of law. *D.E. 23.* Furthermore, while Plaintiff alleges that *she* regularly handled such goods and/or materials and that *she* handled credit card transactions and communicated with *unspecified* vendors in *unspecified* locations, these allegations do not give rise to individual coverage under the FLSA. Because Plaintiff fails to establish enterprise and/or individual coverage under the FLSA, her claim under the Florida Minimum Wage Act ("FMWA") likewise fails as a matter of law. Plaintiff's Amended Complaint is also ripe for dismissal because Plaintiff failed to provide Defendant with the requisite pre-suit notice required under the FMWA.

Plaintiff's only other claim is for violation of 26 U.S.C. § 7434. *D.E. 23.* But Plaintiff fails to state a claim under Section 7434 because she does not allege that the Defendant filed a fraudulent "Information Return" as that term is defined under the statute. A Form 1120 is very simply not one of those documents that falls within the scope of Section 7434.[2] For the reasons set forth below, this Honorable Court should, most respectfully, dismiss Plaintiff's Amended Complaint with prejudice.

## II. MEMORANDUM OF LAW

### a. Motion to Dismiss for Failure to State a Claim

#### i. Enterprise Coverage

Whether enterprise coverage exists in an FLSA lawsuit is a question that implicates both the Court's jurisdiction and the merits of the case. *See, e.g.,* Gonzalez v. Old Lisbon Restaurant & Bar LLC, 820 F.Supp.2d 1365, 1368 (S.D. Fla. 2011) *citing* Roberts v. Caballero & Castellanos,

---

[2] After Plaintiff filed her initial Complaint, the Defendants *voluntarily produced* their tax returns (i.e. the Form 1120) to Plaintiff in good-faith to (a) prove that the Defendants did not gross in excess of the FLSA's jurisdictional threshold requirement; and (b) to avoid extended litigation of these meritless claims. While the gross revenue amount is not yet ripe for adjudication in this 12(b)(6) motion, Plaintiff unfortunately used Defendant's voluntary production of these documents as an opportunity to allege additional meritless claims against Defendants by using the Form 1120 to concoct a legally insufficient claim under Section 7434.

2

P.L., 2010 WL 114001, at *2 (S.D. Fla. 2010); Diaz v. Solmar Rest., Inc., 2008 WL 5787709, at *1 (S.D. Fla. 2008). Where the existence of enterprise coverage is questioned, the appropriate action "is for the district court to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case" under *Fed. R. Civ. P. 12(b)(6)*. *See, e.g.,* Roberts, 2010 WL 114001, at *2 *quoting* Diaz, 2008 WL 5787709, at *1. When reviewing a motion to dismiss under Rule 12(b)(6), all well-pleaded facts in the plaintiff's complaint and all reasonable inferences drawn from those facts must be taken as true. *See, e.g.,* Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *See, e.g.,* Gonzalez, 820 F.Supp.2d at 1368 *citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

    **a.** *Fed. R. Civ. P. 8*

A pleading is required to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)(2)*. Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See, e.g.,* Attai v. Delivery Dudes, LLC, 2016 WL 828816 at *2 (S.D. Fla. 2016) *citing* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); *see, also,* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation). Furthermore, a complaint may not rest upon "naked assertions" devoid of "further factual enhancement." *See, e.g.,* Attai, 2016 WL 828816 at *2, *citing* Iqbal, 556 U.S. at 678 *quoting*

Twombly, 550 U.S. at 557. These elements are required to survive a motion to dismiss under *Fed. R. Civ. P. 12(b)(6)*. *Id.*

### i. Enterprise Coverage Standard Under the FLSA

In order to be eligible for FLSA overtime [or minimum wage], an employee must first demonstrate that he or she is "covered" by the FLSA. *See, e.g.,* Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1298 (11th Cir. 2011). There are two possible types of FLSA coverage: enterprise coverage and individual coverage. *Id.* While there is no heightened pleading requirement under *Fed. R. Civ. P. 8* to allege coverage under the FLSA, a plaintiff must nevertheless provide straightforward allegations as to the nature of his work, the nature of his employer's business, and attempt to connect the work he performs to interstate commerce. *See, e.g.,* Ceant v. Aventura Limousine & Transp. Service, Inc., 874 F.Supp.2d 1373, 1378 (S.D. Fla. 2012) (Granting motion to dismiss for failure to adequately allege factual allegations giving rise to enterprise or individual coverage). **Mere legal conclusions and recitation of the statutory language requires dismissal**. *See, e.g.,* Perez v. Muab, Inc., 2011 WL 845818, at *3 (S.D. Fla. 2011) (Plaintiff's allegation that "during her employment with defendant, she was engaged in commerce or in the production of goods for commerce" was a mere conclusion and recitation of the statutory language and therefore insufficient as a matter of law); *see, also,* Schainberg v. Urological Consultants of South Florida, P.A., 2012 WL 3062292 at *3 (S.D. Fla. 2012) *citing* Rushton v. Eye Consultants of Bonita Springs, 2011 WL 2601245 (M.D. Fla. 2011) (Mere recitation of statutory elements is insufficient to state a claim); *but, see,* Roberts v. Caballero & Castellanos, PL, 2010 WL 114001, at *3 (S.D. Fla. 2010) (Allegations that employer "engaged in interstate commerce and operated as an organization that sells or markets its goods and services to customers throughout the United States and also provides its services for goods sold and

transported across state lines, and accepts funds from non-Florida sources, and uses telephonic transmissions going over state lines to do business satisfied pleading requirement for coverage); Rivera v. Deer Run Realty & Mgmt., Inc., 2015 WL 4878681, at *2 n. 1 (M.D. Fla. 2015) (dismissing case on Rule 12(b) motion for failure to adequately plead a factual basis to establish enterprise or individual liability under the FLSA).

Indeed, enterprise coverage requires a showing that the employer:

(a) has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; ***AND***

(b) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

*29 U.S.C. § 203(s)*(emphasis added).

An employer is only considered to be an "enterprise engaged in commerce" if it has two or more employees who are engaged in commerce and it has gross sales in excess of the $500,000.00 threshold. *See, e.g.,* Amorim v. GMR International Cuisine, Inc., 2017 WL 3835860, at *3 (M.D. Fla. 2017). Earning the requisite income, while necessary, is insufficient, standing alone, to invoke enterprise liability under the FLSA, which accordingly, deprives a Court of subject matter jurisdiction. *See, e.g.,* Rivera, 2015 WL 4878681, at *2 n. 1 (M.D. Fla. 2015) (Case dismissed although it was undisputed that the employer met the income threshold). After demonstrating the requisite gross income threshold, enterprise coverage can be satisfied where a plaintiff establishes that a company routinely purchases goods or materials sold or otherwise worked on by two employees directly from across state lines. *See, e.g.,* Galdames v. N&D Investment Corp., 2008 WL 4372889, at *4 (S.D. Fla. 2008) (emphasizing importance of purchases of equipment and supplies from out-of-state suppliers in proving enterprise coverage). However, the "handling

clause" extends to not only production of goods, but materials as well.  *See, e.g.,* Rodriguez v. Gold Star, Inc., 858 F.3d 1368, 1369 (11th Cir. 2017) (Congressional intent was to include coverage of the handling of items consumed by the employer's business).  The Eleventh Circuit Court of Appeals has defined the term "materials" under the FLSA to mean "tools or other articles necessary for doing or making something."  *See, e.g.,* Rodriguez, 858 F.3d at 1370 *citing* Polycarpe v. E&S Landscaping Service, Inc., 616 F.3d 1217 (11th Cir. 2010).

### A) *29 C.F.R. § 779.238*

The Code of Federal Regulations clarifies the first prong of enterprise coverage, as follows:

> [For] an enterprise to be a "covered enterprise" [it] must have at least some employees engaged in **certain described activities** [emphasis added].  This requirement will be determined on an annual basis… Thus, it is not necessary that the enterprise have two or more employees engaged in the named activities every week.  An enterprise… will be considered to have employees engaged in commerce or in the production of goods for commerce, including the handling, selling or otherwise working on goods that have been moved in or produced for commerce by any person, if during the annual period which it uses in calculating its annual sales for purposes of the other conditions of these sections, it regularly and recurrently has at least two or more employees engaged in such activities.  On the other hand, it is plain that an enterprise that has employees engaged in such activities only in isolated or sporadic occasions, will not meet this condition.

*29 C.F.R. § 779.238.*

In other words, it is not sufficient to allege that there is "a single employee who is directly engaged in commerce," or to have "two or more employees, who only engaged in commerce on isolated occasions." *See, e.g.,* Sims v. UNATION, LLC, 2018 WL 922142 at *3 (M.D. Fla. Feb. 14, 2018) *citing* Diaz v. Jaguar Rest. Grp. LLC, 649 F.Supp.2d 1343, 1347 (S.D. Fla. 2009).

### B) Plaintiff has Failed to Sufficiently Allege Enterprise Coverage under the FLSA as a Matter of Law

Within her Amended Complaint, Plaintiff merely alleges that:

> 13. At all times, Defendant Coco Dulce employed at least two employees on a weekly basis: the Plaintiff and a second employee who stocked goods for the liquor store.
>
> 14. At all times, Defendant Coco Dulce operated a liquor store and bought goods for commerce to sell retail in the form of tobacco, beer, and other liquors that were moved in from or produced in other U.S. states and countries.

*D.E. 23, ¶¶13-14.*

Plaintiff's allegation that Defendant Coco Dulce was "an enterprise engaged in commerce" is legally conclusive and therefore insufficient as a matter of law to establish enterprise coverage under the FLSA. *See, e.g.,* Gonzalez, 820 F.Supp.2d at 1369 (motion to dismiss granted for plaintiff's failure to state more than bare legal conclusions in furtherance of its claim for enterprise coverage under the FLSA) *citing* Perez v. Muab, Inc., 2011 WL 845818, at *1-2 (S.D. Fla. 2011) (dismissing a complaint after concluding that enterprise coverage allegations were "devoid of facts" when plaintiff only alleged that defendant "is an enterprise engaged in an industry affecting commerce"); Kendrick v. Eagle Int'l Grp., LLC, 2009 WL 3855227, at *3 (S.D. Fla. 2009) (dismissing FLSA complaint where plaintiff "failed to allege a single fact to support her legal conclusion that defendant is an employer under the FLSA"); Galdames, 2008 WL 4372889, at *4.

Plaintiff only alleges *herself* to have been regularly and recurrently using specific goods or materials, but fails to include any allegations whatsoever that any other "employees" did so during the relevant time period, and Plaintiff's legally conclusive language cannot be accepted for purposes of a 12(b)(6) motion. *See, e.g.,* Sims, 2018 WL 922142 at *3 *citing* Diaz, 649 F.Supp.2d at 1347; *see, also,* D.E. 25. In Sims, 2018 WL 922142 at *3, the Court denied the defendant's

7

motion to dismiss because the plaintiff had *specifically alleged* that the defendants "employed **employees** engaged in commerce or in the production of goods for commerce," **and** provided specific examples of activities by alleging that "employees employed by Defendants traveled to other states for their jobs, produced marketing materials that were used in other states, made calls to clients located in other states, and used tools and equipment, including computers, pens and paper that were moved in or produced for commerce." *Id.* Here, Plaintiff only alleges *herself* to have engaged in specific acts concerning interstate commerce. *D.E. 23.* Plaintiff has therefore failed to establish FLSA coverage as a matter of law. This enterprise coverage allegations should be dismissed **with prejudice**.[3]

### ii. **Individual Coverage**

An employee is subject to individual coverage under the FLSA **only** if she is "*directly* and *regularly* engaged in interstate commerce" [emphasis added]. *See, e.g.,* Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1315 (11th Cir. 2011). In other words, to satisfy individual coverage, the plaintiff **must** be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of commerce, *e.g.,* transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.,* regular and recurrent use of interstate telephone, telegraph, mails, or travel. *See, e.g.,* Josendis, 662 F.3d at 1315-16 *citing* Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1266 (11th Cir. 2006); McLeod v. Threlkeld, 319 U.S. 491, 493-98 (1943), *see, also,* Casanova v. Morales, 2007 WL 4874773 (S.D. Fla. 2007) *affirmed* 262 Fed. Appx. 164 (11th Cir. 2008) (no individual coverage where plaintiff purchased supplies that moved through interstate

---

[3] The decision to deny leave to amend sits within the sound discretion of the district court. *See, e.g.,* Vig v. All Care Dental, P.C., 588 Fed.Appx. 900, 901 (11th Cir. 2014) *citing* Shipner v. E. Air Lines, Inc., 868 F.2d 401, 406-07 (11th Cir. 1989). Plaintiff has already had an opportunity to amend her Complaint.

commerce to undertake his employment with home remodeling company);[4] Thompson v. Robinson, Inc., 2007 WL 2714091 (M.D. Fla. 2007) (no individual coverage where cook prepared foods that originated in another state). In order to demonstrate individual coverage under the FLSA, a plaintiff must provide straightforward allegations connecting the work he performs for his employer to *interstate* commerce. *See, e.g.,* Attai, 2016 WL 828816 at *3 *citing* Ceant v. Aventura Limousine & Transp. Serv., Inc., 874 F.Supp.2d 1373, 1378 (S.D. Fla. 2012).

Here, Plaintiff alleges that she was "individually engaged in commerce." *D.E. 23, ¶ 6.* In support of her claim for individual coverage, Plaintiff includes the following allegations:

> 15. At times during her employment, Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials" as defined by the FLSA which were used commercially in Defendant Coco Dulce's business and moved in interstate commerce. Specifically, the Plaintiff handled records of interstate transactions such as taking credit card payments from in-state and out-of-state customer, and processed same on an Internet based interstate POS payment processing system which allowed automatic deduction from customers' out of state checking and credit accounts; handled and sold tobacco, beer, and other liquors which some were originally manufactured outside the state of Florida; contacted vendors to place orders for tobacco and beer; and stocked merchandise in liquor store.

*D.E. 23, ¶15.*

### A) Use of a Credit Card, the Telephone, or the Internet is Insufficient to Establish Individual Coverage

Prior courts in the Southern District of Florida have firmly held that "using a credit card, telephone, or internet as 'instrumentalities of commerce'" is insufficient for individual coverage

---

[4] In Cassanova, 2007 WL 4874773, the plaintiff was hired to do remodeling work on a residential home in Miami, and claimed that FLSA coverage existed because he ordered, picked up, and used materials which had traveled in interstate commerce. *Id.* However, the court expressly rejected the plaintiff's argument, because Congress intended to regulate ***only*** activities constituting interstate commerce, not activities merely *affecting* commerce. *Id.* at *4 *citing* Thorne, 448 F.2d 1264 (11th Cir. 2006).

9

under the FLSA.  *See, e.g.,* Amadon v. Delivery Dudes, LLC, 2017 WL 7792707 at *3 (S.D. Fla. 2017) *citing* Joseph F. Nichell's Carribbean Cuisine, Inc., 862 F.Supp.2d 1309, 1313 (S.D. Fla. 2012) (collecting cases finding that usage of credit cards is insufficient for FLSA individual coverage).  Moreover, merely using a telephone or the internet **does not** evidence regular use of the instrumentalities of interstate commerce.  *Id.*  Other federal courts in Florida have likewise held that receiving payment for goods and services via interstate credit card transactions is insufficient to support individual coverage.  *See, e.g.,* Westley v. Love Pet Grooming Salon, Inc., 2019 WL 249716 at *5 (M.D. Fla. 2019) *citing* Schamis v. Josef's Table, LLC, 2014 WL 1463494, at *4 (S.D. Fla. 2014); Martin, 2014 WL 2587484, at *3; Thorne, 448 F.3d at 1267; Joseph, 862 F.Supp.2d at 1313.  Furthermore, accepting credit card payments from out-of-state customers when they come to Florida is also insufficient to support individual coverage.  *Id. citing* Mayo v. Jean Nicole Hari Salons, Inc., 2015 WL 4751202, at *3 (M.D. Fla. 2015).

      **B) Plaintiff's Purported Handling of Goods or Materials that Moved in Interstate Commerce is Irrelevant for Purposes of Individual Coverage**

Plaintiff alleges that her work for Defendants "involved handling on a regular and recurrent basis 'goods' or 'materials' as defined by the FLSA which were used commercially in Defendant Coco Dulce's business and moved in interstate commerce."  *D.E. 23, ¶15.*  But unlike enterprise coverage, which does consider whether the employees handle materials that have been moved in interstate commerce, individual coverage is not affected by the handling of such materials.  *See, e.g.,* Westley, 2019 WL 249716 at *4 *citing* Polycarpe v. E&S Landscaping Service, Inc., 616 F.3d 1217, 1220-21 (11th Cir. 2010).  Accordingly, the plaintiff's purported handling of "goods" or "materials" is irrelevant and insufficient to support individual coverage.

### C) **Plaintiff's Mere Contact with Unspecified Vendors is Insufficient to Establish Individual Coverage**

Plaintiff alleges that she "contacted vendors to place orders for tobacco and beer" but does not specify (a) who these vendors were; or (b) where these vendors were located. *D.E. 23, ¶15.* Accordingly, Plaintiff has failed to establish that these alleged communications had *any* interstate nature whatsoever and therefore fails to establish individual coverage on this basis. *See, e.g.,* Amadon, 2017 WL 7792707 at *3 ("While use of interstate telephone may be sufficient to establish individual coverage, Plaintiff does not allege that he used the telephone or internet to communicate with out-of-state customers") *citing* Lefevre v. La Cote Basque Winehouse, Inc., 2015 WL 6704107, at *1 (M.D. Fla. 2015). Plaintiff has failed to allege any facts that could ever give rise to individual coverage under the FLSA and her Amended Complaint should be dismissed.

### b. **Florida Minimum Wage Act**

Pursuant to *Fla. Stat. § 448.110(3)*:

> Only individuals entitled to receive the federal minimum wage under the FLSA and its implementing regulations shall be eligible to receive the state minimum wage pursuant to Art. X, Section 24 of the State Constitution and *Fla. Stat. 448.110*.

*Id.*

Plaintiff's failure to demonstrate that the FLSA is applicable to this dispute further bars her from recovering any amounts under Florida's minimum wage law and warrants immediate dismissal of any state law claims with prejudice. Similarly, any claims arising under Art. X, Section 24 of the Florida Constitution are barred for the same reasons. *Fla. Stat. § 448.110* provides exclusive remedies under state law for violations of Art. X, Section 24 of the Florida Constitution and this provision of the Florida Constitution incorporates the FLSA, including its

exceptions and exemptions, into the minimum wage amendment. *See Florida Op.Atty.Gen., 2005-64 (2005 WL 3132090).*

### i. **Plaintiff's Failure to Establish Enterprise Coverage under the FLSA Divests this Honorable Court of Subject Matter Jurisdiction and Precludes any Relief under *Fla. Stat. § 448.110***

Pursuant to *Fla. Stat. § 448.110(6)(a)-(b)*:

> Any person aggrieved by a violation of this section may bring a civil action in a court of competent jurisdiction against an employer violating this section or a party violating subsection (5). **However, prior to bringing any claim for unpaid minimum wages pursuant to this section, the person aggrieved shall notify the employer alleged to have violated this section, in writing, of an intent to initiate such an action. The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the notice**.
>
> The employer shall have 15 calendar days after receipt of the notice to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved. The statute of limitations for bringing an action pursuant to this section shall be tolled during this 15-day period. If the employer fails to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved, then the person aggrieved may bring a claim for unpaid minimum wages, the terms of which must be consistent with the contents of the notice.

*Fla. Stat. § 448.110(6)(a)-(b).*

Prior to filing her Compliant (or Amended Complaint), Plaintiff failed to comply with conditions precedent pursuant to *Fla. Stat. § 448.110(6)(a)*. More specifically, the statutory fifteen (15) day pre-suit notice **was never provided to these Defendants**. *See Fla. Stat. § 448.110(6)(b).* Prior to filing her state law claims, Plaintiff **never** identified: (1) the minimum wage to which she claims to be entitled; (2) the actual estimated hours for which payment is sought; (3) the total amount of alleged unpaid wages through the date of any such notice; or (4) any other notification

12

of Plaintiff's intent to initiate the present action. *Id.* This completely contradicts the allegations set forth within Paragraph 32 of Plaintiff's Amended Complaint, and is yet, another basis for dismissal. *D.E. 23, ¶32. See, e.g.,* Dominguez v. Design by Nature Corp., 2008 WL 4426721 at *3 (S.D. Fla. 2008) (Dismissing Florida Minimum Wage Act claim for failure to provide pre-suit notice).

### c. *26 U.S.C. 7434*

To state a claim under Section 7434, bare assertions without specific facts as to the who, what, when, why, or how surrounding the actual filing of a return does not meet the standard for pleading tax fraud. *See, e.g.,* Leon v. Tappas & Tintos, Inc., 51 F.Supp.3d 1290, 1298 (S.D. Fla. 2014) *citing* Angelopoulos v. Keystone Orthopedic Specialists, S.C., 2014 WL 292578 (N.D. Ill. 2014). Section 7434 prohibits the filing of a "fraudulent information return." *26 U.S.C. 7434(a).* Pursuant to Section 7434(f) the term "Information Return" **only** includes statements described within Section 6724(d)(1)(A). *26 U.S.C. § 7434(f).* Section 6724(d)(1)(A) defines an "information return" to include **only** the following types of statements:

(i) Section 6041(a) or (b) (relating to certain information at source);
(ii) Section 6042(a)(1) (relating to payments of dividends);
(iii) Section 6044(a)(1) (relating to payments of patronage dividends);
(iv) Section 6049(a) (relating to payments of interest);
(v) Section 6050A(a) (relating to reporting requirements of certain fishing boat operators);
(vi) Section 6050N(a) (relating to payments of royalties);
(vii) Section 6051(d) (relating to information returns with respect to income tax withheld);
(viii) Section 6050R (relating to certain purchases of fish); or
(ix) Section 110(d) (relating to qualified lessee construction allowances for short-term leases).

*26 U.S.C. § 6724(d)(1)(A).*

Moreover, "several clues in the text and statutory scheme compel the conclusion that liability under Section 7434 requires a misstatement of the amount of payment." *See, e.g.,* Tran v. Tran, 239 F.Supp.3d 1296, 1297 (M.D. Fla. 2017) *citing* Liverett v. Torres Advanced Center. Sol. LLC, 192 F.Supp.3d 648 (E.D. Va. 2016). The statutory language of Section 7434(e) requires that an order awarding damages under Section 7434(a) find "the correct amount which should have been reported in the information return." *Id.* Notably, FICA provides no private right of action or remedy for an employee who incorrectly pays an employer's share of FICA taxes. *See, e.g.,* McDonald v. Southern Farm Bureau Life Ins. Co., 291 F.3d 718, 725-26 (11th Cir. 2002). For purposes of a 7434 claim, the willfulness component requires more than knowledge. *See, e.g.,* Tran v. Tran, 239 F.Supp.3d at 1298. To establish willfulness, the plaintiff must show that the defendants, aware of the duty purportedly imposed by Section 7434, *specifically intended* to flout the statute [emphasis added]. *Id. citing* Cheek v. United States, 498 U.S. 192, 201-02 (1991) (explaining "willfulness" in a tax-fraud action). Ultimately, a plaintiff must establish a defendant's understanding of the duty purportedly imposed by the Internal Revenue Code to show a violation of Section 7434. *See, e.g.,* Tran, 239 F.Supp.3d at 1298. An employer's filing of a wrong information-return cannot establish liability under Section 7434, unless the form willfully misstates the amount of payment. *Id.*

### i. **Plaintiff's Amended Complaint Fails to Allege that Defendants Filed a Fraudulent "Information Return" as that Term is Defined Under 26 U.S.C. § 7434(f)**

Plaintiff's Amended Complaint alleges the following:

> 17. Throughout Plaintiff's employment with Defendants, Defendant Coco Dulce willfully filed fraudulent tax information forms regarding Plaintiff's employment on Defendant Coco Dulce's operations. Rather than issuing Plaintiff W-2 forms reporting her annual earnings while working for Coco Dulce, Defendant Coco Dulce filed Form 1120 (known as the U.S. Corporation Income Tax

> Return form) reporting *zero* or *no* salaries or wages paid to *anyone* as part of a scheme to avoid tax liability under the Federal Insurance Contributions Act and the Federal Unemployment Tax Act, as well as to avoid its obligations under the Florida Workers' Compensation Act.
>
> 18.     For payroll and tax purposes, Defendant Coco Dulce concealed for over two years Plaintiff's employment relationship to Coco Dulce, despite the fact that she was an employee at Defendants' liquor store operations, under all applicable laws, including Section 530(e)(3) of the Revenue Act of 1978. Specifically, during each tax year 2016, 2017, and 2018, Defendant Coco Dulce filed Form 1120 and did not issue Plaintiff W-2 Forms with respect to her earnings.  Defendants knowingly, intentionally, and willfully filed the Form 1120 without reporting any salaries or wages of any employee, including Plaintiff, as part of an effort to limit its liability for taxes under the Federal Insurance and Contributions Act, 26 U.S.C. 3101, et seq., and the Federal Unemployment Tax Act, 26 U.S.C. 3301, et seq., as well as to avoid paying or reduce Defendant Coco Dulce's workers' compensation premiums.  Defendant Coco Dulce filed the Form 1120 knowing and intending that these fraudulent filings would deprive the Plaintiff of social security and unemployment compensation benefits to which she was entitled.

*D.E. 23, ¶¶17-18.*

Plaintiff further alleges the following:

> 36.     With respect to the labor of Plaintiff, Defendant Coco Dulce willfully filed fraudulent Forms 1120 from at least 2016 through 2018.  Defendant Coco Dulce knew that Plaintiff was an employee of its business for purposes of applicable tax laws under Section 530(e)(3) of the Revenue Act of 1978.  Nonetheless, Defendant Coco Dulce filed Form 1120 failing to report any earnings of Plaintiff as set out in Paragraphs 17 and 18. Defendant Coco Dulce filed the Forms 1120 knowing and intending that these fraudulent filings would deprive Plaintiff of social security earnings credits and unemployment compensation benefits to which she was entitled.

*D.E. 23, ¶36.*

Plaintiff's Amended Complaint alleges that Defendants fraudulently filed a Form 1120 with the IRS.  *D.E. 23*.  However, a Form 1120 **is not listed** amongst the statements above and

therefore does not match the definition of an "Information Return" as that term is defined under Section 7434(f). Accordingly, Plaintiff's Amended Complaint fails to allege that Defendants ever filed a fraudulent "information return" as that term is defined by Section 6724(d)(1)(A). The Amended Complaint therefore fails to state a claim under Section 7434 and should be dismissed with prejudice. *See, e.g.,* Angeloff v. Deardorff, 2010 WL 4853788 at *3 (M.D. Pa. 2010) (Dismissal of Section 7434 action where the type of return filed by Defendant was not amongst those identified in Section 6724(d)(1)(A)).

### III.  CONCLUSION

Plaintiff has failed to sufficiently allege enterprise coverage or individual coverage in this case. Even if Plaintiff provided pre-suit notice to these Defendants (which she did not), absent FLSA coverage, there is no basis whatsoever for any claim under the Florida Minimum Wage Act. Plaintiff's attempt to use the Defendants' voluntarily produced tax documents to concoct an additional meritless claim simply fails as a matter of law. The Amended Complaint should, most respectfully, be dismissed with prejudice.

WHEREFORE, Defendants, COCO DULCE, INC., and EMILIO PEREZ, respectfully request that this Honorable Court enter an Order: (a) dismissing Plaintiff's Amended Complaint with prejudice and entering any and all such further relief as may be deemed just and appropriate under the circumstances.

**Dated this 23rd of May 2019.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS**
**JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
(954) 871-0050
*Counsel for Defendants*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
*jordan@jordanrichardspllc.com*
*melissa@jordanrichardspllc.com*
*jake@jordanrichardspllc.com*
*jill@jordanrichardspllc.com*
*stephanie@jordanrichardspllc.com*
*mike@usaemploymentlawyers.com*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing motion was filed and served on all parties listed below via CM/ECF on May 23, 2019.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST:

**CHRISTOPHER J. RUSH, ESQUIRE**
Florida Bar No. 621706
*crush@crushlawfl.com*
CHRISTOPHER J. RUSH & ASSOCIATES, P.A.
Compson Financial Center, Suite 205
1880 North Congress Avenue
Boynton Beach, Florida 33426
Ph: (561) 369-3331
Fax: (561) 369-5902
*Counsel for Plaintiff*