UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-80368-Civ-Middlebrooks/Brannon

RONNETTE HAYES,

    Plaintiff,

v.

COCO DULCE, INC.,
a Florida corporation, and
EMILIO PEREZ, individually,

    Defendants.

_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court on Defendants Coco Dulce, Inc. and Emilio Perez's Motion for Summary Judgment, filed on August 5, 2019. (DE 36). Plaintiff Ronnette Hayes filed a response August 20, 2019 and Defendants replied on August 27, 2019. (DE 45; DE 47). For the following reasons, Defendants' Motion is granted.

## BACKGROUND

In this Fair Labor Standards Act ("FLSA") dispute, Plaintiff alleges that Defendant Coco Dulce did not pay her minimum wages or sufficiently compensate her for overtime hours worked. (DE 23 ¶¶ 11–12). Plaintiff was employed by Defendant Coco Dulce, a liquor store, from 2016 until 2018. (DE 35 at 2 ¶ 6, Defendants' Statement of Undisputed Material Facts "DSMF"; DE 44 at 2 ¶ 6, Plaintiff's Response to Defendants' Statement of Undisputed Material Facts "PRDSMF"). According to its tax returns, which are attached to the briefing for the present Motion, Defendant Coco Dulce did not have gross sales in excess of $500,000 during any of those years. (DE 35 at 1-2 ¶¶ 2-5, DSMF); (DE 34-1 at 4, 6, 8, Defendant Coco Dulce's tax returns).

1

The Parties vigorously disagree as to what Plaintiff's job entailed. According to Defendants, Plaintiff had "limited duties in a very, very small liquor store and had no exposure or access to the financial practices" of Coco Dulce. (DE 35 at 2 ¶ 12, DSMF). Plaintiff denies this characterization and submits an affidavit vaguely describing what she submits are her actual job duties. (DE 44 at 2 ¶ 12, PRDSMF). The common consensus between the Parties is that Plaintiff served as a cashier for Defendant Coco Dulce's liquor store and in that capacity, she was required to ensure that the store was properly stocked. (DE 44-1 at 4-5 ¶ 8, Plaintiff's Affidavit). In her affidavit, Plaintiff also indicates that she completed other tasks related to entities that Defendant Emilio Perez runs. However, Plaintiff has not sued any of those entities and has not included allegations in her Amended Complaint substantiating this joint-employer theory.

On March 15, 2019, Plaintiff filed this lawsuit against Defendants. (DE 1). Plaintiff subsequently amended her complaint on May 16, 2019. (DE 23). In the Amended Complaint, Plaintiff advanced the following four claims: 1) FLSA minimum wage and overtime pay violations; 2) Florida Minimum Wage Act violation; 3) willful filing of fraudulent information returns; and 4) individual liability against Emilio Perez. (*Id.*).

Defendants subsequently moved to dismiss Plaintiff's Amended Complaint in its entirety. (DE 24). I granted the motion in part and dismissed the Florida Minimum Wage Act claim and the willful filing of fraudulent information returns claim. (DE 40).

In the present Motion Defendants seek summary judgment against Plaintiff for the remaining claims. (DE 36). Plaintiff opposes the motion in its entirety and argues that genuine issues of material fact remain. (DE 45).

## STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A disputed fact is "material" if it "might affect the outcome of the suit under the governing law." *Talavera v. Shah*, 638 F.3d 303, 308 (D.C. Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute over a material fact is "genuine" if it could lead a reasonable jury to return a verdict in favor of the nonmoving party. *See Scott v. Harris*, 550 U.S. 372, 380 (2007). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge at summary judgment. Thus, [the court] do[es] not determine the truth of the matter, but instead decide[s] only whether there is a genuine issue for trial." *Barnett v. PA Consulting Group, Inc.*, 715 F.3d 354, 358 (D.C. Cir. 2013) (quoting *Pardo-Kronemann v. Donovan*, 601 F.3d 599, 604 (D.C. Cir. 2010)).

Defendant is moving for summary judgment as to all of Plaintiff's remaining claims. Under this summary judgment standard, Defendant bears the "initial responsibility of informing the district court of the basis for [its] motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits which [it] believe[s] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In response, Plaintiff must "go beyond the pleadings and by [its] own affidavits, or depositions, answers to interrogatories, and admissions on file, 'designate' specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal citations omitted). If a party against whom a motion is filed fails to "establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment for the movant is warranted. *Celotex Corp.*, 477 U.S. at 322. The party moving for summary judgment bears the

burden of establishing that there is insufficient evidence to support the non-moving party's case. *Id.* at 325.

## ANALYSIS

To establish a claim for overtime or minimum wage compensation under the FLSA, a plaintiff must show that she was "covered" by statute, either through enterprise coverage or individual coverage. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). For enterprise coverage to apply, a plaintiff must show that her employer is an "enterprise engaged in commerce." *See* 29 U.S.C. § 207(a)(1). An "enterprise engaged in commerce or in the production of goods for commerce" is an enterprise that has "employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and has a "gross volume of sales made or business done [of] not less than $500,000." 29 U.S.C. § 203(s)(l)(A)(i)-(ii). For individual coverage to apply, a plaintiff must show that she was directly and regularly "engaged in" interstate commerce. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (citing *Thorne v. All Restoration Servs., Inc.,* 448 F.3d 1264, 1266 (11th Cir. 2006)).

### A. Enterprise Coverage

For Plaintiff to be "covered" by the FLSA through enterprise coverage, she must ultimately establish, among other things, that Defendants' "gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(l)(A)(ii); *see also Alonso v. Garcia*, 147 F. App'x 815, 816 (11th Cir. 2005) (recognizing that an employer is not liable under the "enterprise coverage" theory if that employer's gross sales do not exceed $500,000). Defendants argue that its tax returns, which have been provided to Plaintiff, for the years Defendants employed Plaintiff (2016-18) demonstrate that Defendants' gross sales did not exceed $500,000. (DE 36 at 8). Because those tax returns contain

4

such information, Defendants have satisfied their initial burden by showing the absence of a genuine dispute of material fact as to the gross sales requirement of enterprise coverage liability. (*Id.*); (DE 34-1 at 4, 6, 8) (Defendant Coco Dulce Inc.'s 2016-2018 tax returns showing that its grossed sales for those years were $310, 607, $272,108, and $303,075, respectively).[1]

Considering the conclusive nature of the tax return evidence demonstrating that the $500,000 threshold is not met, Plaintiff is hard pressed to avoid summary judgment on her FLSA claims premised on enterprise coverage. Nevertheless, Plaintiff attempts to demonstrate a genuine issue of material fact as to the gross sales element by advancing a novel and convoluted theory that is not contemplated in her Amended Complaint. (DE 45 at 6-9). Specifically, Plaintiff contends that Defendant Emilio Perez is an officer of several other entities that operate out of the same location where Plaintiff is employed. (*Id.* at 8). And Plaintiff contends that as part of her employment, she performed duties for these various entities. (*Id.*) (citing Plaintiff's affidavit). Combining these facts, Plaintiff contends that her employer is not just Defendant Coco Dulce but is also some of the other entities Defendant Emilio Perez runs. (*Id.*). Without any concrete basis, Plaintiff speculates that these entities must cumulatively gross more than $500,000 in sales per year. (*Id.* at 8-9). Plaintiff fails to identify any record evidence to support the assertions made in her affidavit.

There are several problems with Plaintiff's argument. First, Plaintiff brought this Complaint against Coco Dulce, the entity that owns the liquor store where Plaintiff worked. Nowhere in the Amended Complaint does Plaintiff indicate that she is employed by any other entity. Plaintiff may not transform this allegation through the affidavit she attached to her response to the present Summary Judgment Motion. In a similar vein, Plaintiff has not sued any of the other entities, which she now

---

[1] Although Plaintiff points out that there might be questionable aspects of those tax returns, including the fact that it does not indicate that it pays any salary and wages, those issues are not relevant to the present analysis and instead are issues for the Internal Revenue Service.

5

claims to have been employed by. But even accepting Plaintiff's conclusory statement in her affidavit as true, and assuming that these entities jointly employed Plaintiff, she has not created a genuine issue of material fact on the gross sales issue as she fails to offer sufficient evidence establishing that the entities gross the required $500,000. Instead, Plaintiff merely speculates that gross sales must exceed that amount. (*See* De 45 at 8-9); *see Stagliano v. Cincinnati Ins. Co.*, 633 F. App'x 217, 219 (5th Cir. 2015) ("[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." (internal citation and quotation omitted)). For these reasons, I find that no genuine dispute of material fact remains as to whether Plaintiff is covered by the FLSA through enterprise coverage.

### B. Individual Coverage

Because Plaintiff is not covered by the FLSA through enterprise coverage, her lawsuit may only proceed if she can establish individual coverage. For individual coverage to apply under the FLSA, Plaintiff must show that she was "(1) engaged in commerce or (2) engaged in the production of goods for commerce." *Thorne*, 448 F.3d at 1266. It appears that Plaintiff is proceeding on the "engaged in commerce" theory. (*See* DE 45 at 10-11). In *Thorne*, the Eleventh Circuit stated:

> [F]or an employee to be "engaged in commerce" under the FLSA, he must be *directly participating in the actual movement* of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Thorne*, 448 F.3d at 1266 (emphasis added) (citing *McLeod v. Threlkeld,* 319 U.S. 491, 493–98 (1943)).

After reviewing the briefing and the record, I find that Defendants have met their initial burden of establishing the absence of a genuine issue of material fact as it relates to individual coverage.

6

Plaintiff therefore has the burden of showing that a genuine factual dispute exists. In attempting to do so, Plaintiff argues that the following facts support a finding of individual coverage under the FLSA:

> Regular and recurrent use of interstate Clover POS debit/credit card system for 50 percent of all liquor sales;
>
> Using the internet-based POS system to procure payment from out-of-state tourists and receiving communications "approving" or "declining" payment from responding banks;
>
> Using the internet-based POS system to procure payment from out of state tourists and receiving communications "approving" or "declining" payment from ApplePay or GooglePay apps;
>
> Making interstate calls to help line from Clover POS and receiving instruction from telephone support technicians;
>
> Using her own personal cell phone to deal with liquor and tobacco distributors for orders and returns; [and]
>
> Receiving deliveries from UPS and FedEx on behalf of the corporate offices.[2]

(DE 45 at 10-11) (citations to record omitted). I now address whether any of these contentions create a genuine issue of material fact as to whether Plaintiff is individually covered by the FLSA.

Plaintiff's first three arguments relate to how Plaintiff, as Defendant Coco Dulce's cashier, accepted credit card payments and payments through different applications (the "Payment Arguments") from out-of-state tourists. In making these Payment Arguments, Plaintiff contends that she is individually covered by the FLSA because she 1) utilized an "interstate Clover POS debit/credit card system"; 2) accepted payments from out-of-state tourists and received communication from banks; and 3) used the POS system to collect payments from out-of-state tourists using payment applications. I reject these arguments and conclude that Plaintiff's processing of payments does not

---

[2] I will not further address this argument as it relates to Plaintiff's contention that she is employed by several entities that Defendant Emilio Perez is involved with. As discussed, Plaintiff has not sued these entities and her Amended Complaint does not allege that she is jointly employed by the entities.

7

constitute interstate commerce. *See Thorne*, 448 F.3d at 1267 (doubting that credit card transactions alone could constitute an instrumentality of interstate commerce). Even if the processing of payments was an instrumentality of interstate commerce *and* Plaintiff processed payments from out-of-state customers, she sold products to those customers in Florida out of Defendants' store. The intrastate sale of products does not support Plaintiff's individual coverage contention.

Next, Plaintiff argues that she is individually covered by the FLSA since she allegedly made interstate phone calls to liquor and tobacco vendors and to the technicians who service Defendants' payment system platform. (DE 45 at 10-11). According to her affidavit, Plaintiff made one call to a technician in California and calls to Breakthru Distributors, Southern Eagle Distributors, Southern Distributors, and Republic Distributors on a regular basis. (DE 45-1 at 6 ¶ 9). "Regular and recurrent use of interstate telephone" could demonstrate that an employee is individually covered by the FLSA; however, a single phone call Plaintiff made to a technician in California does not qualify as such regular and recurrent use. As for the frequent calls made to the listed distributors, all listed distributors are located within the state of Florida. (DE 47-1 at 2 ¶¶ 4-7).[3] Thus, those phone calls do not aid Plaintiff in establishing individual FLSA coverage.

Finally, Plaintiff argues that she is individually covered by the FLSA because her "work (ordering and stocking) was the last link in the chain of commerce that placed the liquor products for sale for the ultimate consumer." (DE 45 at 11). This argument is problematic for multiple reasons. First, Plaintiff has not offered evidence substantiating her allegation that the wholesalers shipped products to Defendant's store from outside of the state of Florida. And even if I reached the merits

---

[3]This information comes from Defendant Emilio Perez's Supplemental Declaration, which Plaintiff moved to strike. Although that motion remains pending, I will rely on the cited portions of the declaration as they relate to issues raised by Plaintiff, for the first time, in her response to Defendants' Summary Judgment Motion. Because I do not otherwise rely on the declaration in this Order, the remainder of the Motion to Strike (DE 49) is denied as moot.

of Plaintiff's argument, I would reject it. The Eleventh Circuit rejected a related argument in *Thorne*. 448 F.3d at 1267. The plaintiff/employee in *Thorne* attempted to establish individual coverage by demonstrating that he purchased goods, in the course of his employment, from a local Home Depot that were shipped to the store from other states. The Eleventh Circuit concluded that the plaintiff was not individually covered by the FLSA. The Court reasoned "[w]hen goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further intrastate movement of the goods are not covered under the Act." *Id.* Therefore, the Court concluded that a customer who purchases an item from a store is not engaged in commerce even if the store previously purchased it from an out-of-state wholesaler. *Id.*; *see also Martinez v. Palace*, 414 F. App'x 243 (11th Cir. 2011) (extending *Thorne* to a situation where a restaurant cook was not individually covered by the FLSA simply because he handled food and goods that came from out-of-state); *Navarro v. Broney Auto. Repairs, Inc.*, 314 F. App'x 179 (11th Cir. 2008) (no individual coverage where the plaintiff was "hired to collect motor parts that had been ordered by the owners of [the defendant] from local auto parts stores and to use the parts to repair foreign and domestic vehicles [because] [t]he automotive parts were removed from the flow of interstate commerce when they arrived at the auto parts stores").

      I reject Plaintiff's argument in light of *Thorne* and the other Eleventh Circuit cases cited above. When out-of-state wholesalers send products to Defendant's store, the wholesalers do not intend to reach the individual purchaser of the products. The wholesalers send the products to retailers, such as Defendant, and the retailers store the products until they are purchased by a consumer. Applying *Thorne* and related cases, the interstate journey ends once the products reach Defendants' business. Plaintiff's subsequent role in selling the products to customers is no relevant to the interstate commerce analysis.

9

For these reasons, I find that no genuine dispute of material fact remains as to whether Plaintiff is covered by the FLSA through individual coverage.

### C. Defendant Emilio Perez's Individual Liability

Because I have concluded that Plaintiff's underlying FLSA claim is not actionable, I likewise conclude that judgment must be entered against her for the claims she brings against Defendant Emilio Perez individually. That is the case because individual liability is only derivative of Defendant Coco Dulce's liability to Plaintiff. *See Zarate v. Jamie Underground, Inc.*, 629 F. Supp. 2d 1328, 1336 (S.D. Fla. 2009).

## CONCLUSION

Because no genuine issue of material fact exists regarding whether Plaintiff is covered by the FLSA, summary judgment is granted for Defendants. Final Judgment against Plaintiff and in favor of Defendants will be entered by separate order.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Defendants' Motion for Summary Judgment (DE 36) is **GRANTED**.

(2) Plaintiff's Motion to Strike (DE 49) is **DENIED IN PART.** Specifically, it is denied to the extent it seeks to strike paragraphs 4-7 of the supplemental declaration.

(3) Plaintiff's Motion to Strike (DE 49) is otherwise **DENIED AS MOOT.**

(4) Calendar Call, which is currently set for October 16, 2019 at 1:15 p.m., is **CANCELLED.**

(5) The Jury Trial, which is currently set to begin on October 21, 2019, is **CANCELLED.**

(6) **Final Judgment** will be separately entered.

**SIGNED** in Chambers at West Palm Beach, Florida this 11th day of October, 2019.

Donald M. Middlebrooks
United States District Judge

cc: Counsel of Record